THE TOWNSHIP OF BERNARDS, IN THE COUNTY OF SOMERSET, v. THE TOWNSHIP OF BEDMINSTER, IN THE COUNTY OF SOMERSET.

Argued June 5, 1906—Decided November 12, 1906.

1. The facts necessary to support an order of removal made under the Poor act (*Gen. Stat., p.* 2513, § 46), so far as they do not involve a case of pedigree, must be proved as other facts generally are proved, according to the ordinary course of the common law.
2. Where a case of pedigree arises in the proof of facts in support of such an order, resort may be had to proofs of declarations of persons then deceased who were at the time related by blood or marriage to the person whose pedigree is in question. The affidavit of a stranger, based only upon information and belief, is inadmissible for such a purpose.

On *certiorari.*

Before Justices HENDRICKSON and PITNEY.

For the prosecutor, *Sherrerd Depue.*

For the defendant, *Bartine & Beekman.*

The opinion of the court was delivered by

HENDRICKSON, J.  This writ brings up for review an order for the removal of poor persons and the proceedings on which the order was made.  The proceedings appear to have been taken under section 31 of the "Act for the settlement and relief of the poor," approved March 27th, 1874, as amended by the act of March 10th, 1880.  *Gen. Stat., p.* 2513, § 46. The alleged poor persons named in the order are Susan Dorland and her six children, whose ages range from twelve years to one and a half years.  The immediate occasion of the application for relief in this case was the desertion by William Dorland of his said wife and children, with whom he had been living at Peapack, in the defendant township.  The order determines the place of the last legal settlement of these poor persons to be in the township of Bernards, in said county of Somerset, and is evidently based upon the theory that the last legal settlement of William Dorland, the husband and father, was in that township, that being the alleged place of his birth.  This is the theory upheld by the counsel of the defendant on the argument.  The only evidence on that subject is an affidavit made at the hearing before the recorder of the township, who it is claimed was acting with like jurisdiction and powers, as a justice of the peace, by virtue of an appointment made pursuant to an act approved April 12th, 1905.  *Pamph. L., p.* 240.  The affidavit was made by one William Van Doren.  The prosecutor, by one of its reasons, challenges the validity of the order upon the ground that it does not appear, from any legal evidence taken at the hearing, that the last legal settlement of said alleged poor persons was in the township of Bernards.  The contention of the defendant is that the affidavit of Van Doren does present such evidence.  The affidavit is to the effect that Elias H. Dorland worked for his (Van Doren's) father, Ferdinand Van Doren, from 1844 to 1851, and lived at Franklin, in Bernards township, during that time.  The affiant then proceeds as follows:  "On information and belief, I hereby certify that the said Elias H. Dorland was married to Delia Wolfe during that time, or about the year 1849, and a child

was born to them shortly after their marriage. I further believe that the said child is William Dorland, a miller lately employed at H. Miller's mill, at Peapack, New Jersey."

It seems to us that the part of the affidavit here recited fails to embody any legal proof of the facts it assumes to establish. It does not purport to be other than hearsay evidence, and must be rejected as such unless brought within one of the well-known exceptions thereto. There is an exception to the exclusion of such proof in cases of pedigree and the facts of birth, marriage and death, and the times when they happened may be proved by hearsay evidence in all cases where they occur incidentally and in relation to pedigree. 1 *Greenl. Evid.* 104. But while the law resorts to hearsay evidence in cases of pedigree, the rule of admission is restricted to the declarations of deceased persons who were related by blood or marriage to the person whose lineage or descent is involved in the inquiry. And general repute in the family, proved by a surviving member of it, has been considered as falling within the rule. *Id.* 103. It will be observed that the affidavit in question, even if regarded as involving a case of pedigree, entirely fails to conform to the rule referred to. Van Doren does not pretend, in his affidavit, to have been a member of the family in question, nor to testify from the declarations of any person now deceased who was related by blood or marriage to the Dorlands. The facts necessary to support an order of removal under the statute in question, so far as they do not involve a case of pedigree, must be proved as other facts generally are proved according to the ordinary course of the common law. *Independence* v. *Pompton,* 4 *Halst.* 209, 213; *Rex* v. *Erith,* 8 *East* 539. For want of any legal evidence to support that part of the order of removal fixing the last place of legal settlement of the poor persons in question in the township of Bernards, the same must fall. Having reached this result, we need not examine the other grounds of reversal embraced in the reasons. The order of removal is reversed and set aside, with costs.